UNITED STATES DISTRICT COURT           ECF CASE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAMIS ALKHARSA                     :  No. 08 CIV 4254 (JGK)
                                 :
                  Plaintiff,   :
                                 :
     - against -              :      COMPLAINT
                                 :
NEW HANG DAR CONSTRUCTION, INC.   :
JIMMY HO,                       :
BRIAN ILL DEVELOPMENT, LLC,      :
BRIAN ILL,                   :
MADALEX, LLC,              :
SCOTT EDELSTEIN,          :
ALEX TEREZ,                :
EMPIRE MANAGEMENT AMERICA CORP.  :
AKA EMPIRE MANAGEMENT, and     :
FRED SHALOM               : JURY TRIAL DEMANDED
                                 :
                 Defendants.  :
-------------------------------------------------------------------X

## COMPLAINT

## JURISDICTION

1.    Plaintiff is Lamis Alkharsa a citizen of Saudi Arabia, residing in Riyadh

with an address of P.O. Box 2341, Riyadh, K.S.A. 11451.

2.    Defendant is New Hang Dar Construction, Inc., a corporation incorporated

under the laws of New York, with its principal place of business at 51-21 Van Loon

Street, Elmhurst, New York 11373.

3.    Defendant is Jimmy Ho, a citizen of New York, residing at 51-21 Van Loon

Street, Elmhurst, New York 11373.

4.    Defendant is Brian Ill Development, LLC, a limited liability company

formed under the laws of Connecticut, with its principal place of business at 611

Riverside Avenue, Westport, Connecticut 06880.

5.    Defendant is Brian Ill, a citizen of Connecticut, residing at 611 Riverside Avenue, Westport, Connecticut 06880.

6.    Defendant is Madalex LLC, a limited liability company formed under the laws of New York, with its principal place of business at 150 Broad Hollow Road, Suite 355, Melville, New York 11747.

7.    Defendant is Scott Edelstein, a citizen of New York, residing at 10 Old Jackson Avenue, Hastings-on-Hudson, New York 10706.

8.    Defendant is Alex Terez, a citizen of New York, residing at 150 Broad Hollow Road, Suite 355, Melville, New York 11747.

9.    Defendant is Empire Management America Corp. AKA Empire Management, a corporation incorporated under the laws of New York, with its principal place of business at 347 Fifth Avenue, New York, New York 10016.

10.   Defendant is Fred Shalom, a citizen of New York residing at 347 Fifth Avenue, New York, New York 10016.

11.   The United States District Court has jurisdiction over this matter pursuant to 28 USC § 1332 as there is complete diversity between the parties and the amount in controversy, without interest and costs, is over $100,000.

## **PARTIES**

12.   At all material times to this complaint, defendant, New Hang Dar Construction, Inc., was:

a.    acting in a corporate capacity, and/or;

      b.      acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

      c.      acting by and through its employees, agents and servants, including defendant, Jimmy Ho, who were acting in the scope and course of their employment, agency and servitude.

13.    At all material times to this complaint, defendant, New Hang Dar Construction, Inc., was a licensed contractor, regulated by state and/or local government.

14.    At all material times to this complaint, up to and including November 16, 2007, defendant, New Hang Dar Construction, Inc., was a construction business performing demolition, renovation and/or construction at 216 8th Avenue, New York, New York and was the applicant and/or permitee for a certain construction work permit at said location obtained from the Department of Buildings, New York City at Job Number 11019097 and Permit Number 1100019097-EW-MH.

15.    At all material times to this complaint, defendant, Jimmy Ho was:

      a.      acting in an individual capacity, and/or;

      b.      acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

      c.      acting by and through his employees, agents and servants who were acting in the scope and course of their employment, agency and servitude.

16.    At all material times to this complaint, defendant, Jimmy Ho, was a licensed contractor, regulated by state and/or local government.

17.    At all material times to this complaint, up to and including November 16, 2007, defendant, Jimmy Ho, was a construction worker performing demolition, renovation and/or construction at 216 8th Avenue, New York, New York and was the applicant an/or permitee for a certain construction fence permit obtained from the Department of Buildings, New York City, at application number 104929561.

18.    At all material times to this complaint, defendant, Brian Ill Development, LLC was:

        a.    acting in a company and/or corporate capacity, and/or;

        b.    acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

        c.    acting by and through its employees, agents and servants, including defendants, New Hang Dar Construction, Inc. , Jimmy Ho and Brian Ill, who were acting in the scope and course of their employment, agency and servitude.

19.    At all material times to this complaint, defendant, Brian Ill Development, LLC, was a licensed architectural firm, regulated by state and/or local government.

20.    At all material times to this complaint, up to and including November 16, 2007, defendant, Brian Ill Development, LLC, was an architectural firm performing design, development, construction and instruction work for renovations and/or

construction at 216 8th Avenue, New York, New York, including the creation of blueprints and/or instructions for building and installing a construction fence.

21.    At all material times to this complaint, defendant, Brian Ill was:

     a.    acting in an individual capacity, and/or;

     b.    acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

     c.    acting by and through his employees, agents and servants, including defendants, New Hang Dar Construction, Inc. and Jimmy Ho, who were acting in the scope and course of their employment, agency and servitude.

22.    At all material times to this complaint, defendant, Brian Ill, was a licensed architect, regulated by state and/or local government.

23.    At all material times to this complaint, up to and including November 16, 2007, defendant, Brian Ill, was an architect performing design, development, construction and instruction work for renovations and/or construction at 216 8th Avenue, New York, New York, including the creation of blueprints and/or instructions for building and installing a construction fence.

24.    At all material times to this complaint, defendant, Madalex, LLC was:

     a.    acting in a company and/or corporate capacity, and/or;

     b.    acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

    c.        acting by and through its employees, agents and servants, including defendants New Hang Dar Construction, Inc., Jimmy Ho, Brian Ill Development LLC, Brian Ill, Scott Edelstein, and Alex Terez, who were acting in the scope and course of their employment, agency and servitude.

25.    At all material times to this complaint, defendant, Madalex LLC, was a licensed restaurant, liquor licensee, and/or commercial establishment regulated by state and/or local government.

26.    At all material times to this complaint, up to and including November 16, 2007, defendant, Madalex, LLC, was a restaurant business and franchisee of a Qdoba Fresh Mexican Grill store performing development and/or construction at 216 8th Avenue, New York, New York and was the tenant renting premises at the ground floor location of said street address at the corner of Eighth Avenue and 21st Street in Manhattan.

27.    At all material times to this complaint, defendant, Scott Edelstein was:

    a.        acting in an individual capacity, and/or;

    b.        acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

    c.        acting by and through his employees, agents and servants, including defendants, New Hang Dar Construction, Inc., Jimmy Ho, Brian Ill Development, LLC, Brian Ill, and Alex Terez, who were acting in the scope and course of their employment, agency

and servitude.

28.    At all material times to this complaint, defendant, Scott Edelstein, was a licensed restaurateur, liquor licensee, and/or merchant regulated by state and/or local government.

29.    At all material times to this complaint, up to and including November 16, 2007, defendant, Scott Edelstein, was the owner and operator of a restaurant business and franchisee of a Qdoba Fresh Mexican Grill store performing development and/or construction at 216 8th Avenue, New York, New York and was the tenant renting premises at the ground floor location of said street address at the corner of Eighth Avenue and 21st Street in Manhattan.

30.    At all material times to this complaint, defendant, Alex Terez was:

    a.    acting in an individual capacity, and/or;

    b.    acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

    c.    acting by and through his employees, agents and servants including defendants, New Hang Dar Construction, Inc., Jimmy Ho, Brian Ill Development, LLC, Brian Ill, and Scott Edelstein, who were acting in the scope and course of their employment, agency and servitude.

31.    At all material times to this complaint, defendant, Alex Terez, was a licensed restaurateur, liquor licensee, and/or merchant regulated by state and/or local government.

32.    At all material times to this complaint, up to and including November 16, 2007, defendant, Alex Terez, was the owner and operator of restaurant business and franchisee of a Qdoba Fresh Mexican Grill store performing development and/or construction at 216 8th Avenue, New York, New York and was the tenant renting premises at the ground floor location of said street address at the corner of Eighth Avenue and 21st Street in Manhattan.

33.    At all material times to this complaint, defendant, Empire Management America Corp. AKA Empire Management was:

      a.    acting in a corporate capacity, and/or;

      b.    acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

      c.    acting by and through its employees, agents and servants who were acting in the scope and course of their employment, agency and servitude.

34.    At all material times to this complaint, defendant Empire Management America Corp. AKA Empire Management was a real estate management business regulated by state and/or local government.

35.    At all material times to this complaint, up to and including November 16, 2007, defendant, Empire Management America Corp. AKA Empire Management was the building management company for the premises at 216 8th Avenue, New York, New York.

36.    At all material times to this complaint, defendant, Fred Shalom was:

    a.     acting in an individual capacity, and/or;

    b.     acting as an employee, agent or servant of one, some or all of the other defendants, acting in the scope and course of employment, agency and servitude;

    c.     acting by and through its employees, agents and servants, including defendant, Empire Management America Corp. AKA Empire Management, who were acting in the scope and course of their employment, agency and servitude.

37.    At all material times to this complaint, defendant, Fred Shalom, owned and operated a real estate business regulated by state and/or local government.

38.    At all material times to this complaint, up to and including November 16, 2007, defendant, Fred Shalom, was the owner of the premises at 216 8th Avenue, New York, New York and landlord to some of the defendants to this action.

## INCIDENT

39.    On or about November 16, 2007, at or about 12:30 pm, on the east-side of Eighth Avenue, at the northeast corner of Eighth Avenue and 21st Street, on the sidewalk directly next to 216 Eighth Avenue, New York, New York, AKA 261 W. 21st Street, New York, New York, plaintiff, Lamis Alkharsa, was walking.

40.    At the aforesaid date, time and place, the defendants, individually and jointly, so carelessly, recklessly and negligently designed, built, erected, inspected and maintained a large, wooden, 8' x 16', defective construction fence as to have it or allow it to violently collide with the body of plaintiff, Lamis Alkharsa, forcefully smashing her into the concrete sidewalk, fracturing her right elbow into several pieces of bone.

## COUNT I: PLAINTIFF VS. NEW HANG DAR CONSTRUCTION, INC.

41.    Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 40 of her complaint, as if set forth at length.

42.    The conduct, acts, and omissions of defendant, New Hang Dar Construction, Inc., on and before the aforesaid date, were negligent.

43.    The recklessness, carelessness and negligence of defendant, New Hang Dar Construction, Inc., consisted of, *inter alia,* the following:

   a.    procuring defective and shoddy materiel with which to build a construction fence;

   b.    shoddily building a construction fence;

   c.    shoddily erecting, installing and affixing a construction fence;

   d.    failing to inspect the construction fence that it built and erected;

   e.    failing to monitor the construction fence that it built and erected;

   f.    failing to build, erect, install, affix, inspect and maintain a construction fence according to the standards of building and carpentry established by the industry

   g.    failing to build, erect, install, affix, inspect and maintain a construction fence according to the standards of building and carpentry established by state and local laws, codes, ordinances, regulations and specifications including but not limited to Building Code, City of New York, Title 27, Subchapter 19, Section 1902.5;

   h.    failing to foresee certain wind conditions and/or design, build and/or install for certain wind conditions;

10

i.      failing to supervise, control and manage its employees;

j.      hiring incompetent employees, agents, contractors, and helpers;

k.     failing to train its employees, agents, workers, and helpers;

l.      failing to maintain a safe environment for the public;

m.    mismanagement at all material times;

n.     failing to act carefully and prudently at the date, time and place of the incident;

o.     breaching duties imposed upon it;

p.     as will be revealed and established during discovery;

q.     *res ipsa loquitor* is affirmatively pleaded;

r.      negligence *per se* is affirmatively pleaded.

44.   Defendant, New Hang Dar Construction, Inc., is independently liable and/or vicariously liable for the negligence of its employees, agents and servants.

45.   As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

46.   As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

47.   As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for

diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

48.    As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

49.    As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

50.    As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

51.    As a direct result of the carelessness, recklessness and negligence of the defendant, New Hang Dar Construction, Inc., the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal

tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

52.    The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

53.    The aforementioned acts and omissions of defendant, New Hang Dar Construction, Inc., were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

54.    Punitive damages are justified because of the aforesaid conduct of defendant, New Hang Dar Construction, Inc., and the following facts:

    a.    there is an epidemic of deadly and harmful construction accidents in New York;

    b.    the incident occurred in a public place, heavily traveled by pedestrians;

    c.    the defective construction fence had a purpose of protecting the public, not harming the public;

    d.    a construction fence is not a complicated or complex thing;

    e.    it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT II: PLAINTIFF VS. JIMMY HO

55. Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 54 of her complaint, as if set forth at length.

56. The conduct, acts, and omissions of defendant, Jimmy Ho, on and before the aforesaid date, were negligent.

57. The recklessness, carelessness and negligence of defendant, Jimmy Ho, consisted of, *inter alia,* the following:

a. procuring defective and shoddy materiel with which to build a construction fence;

b. shoddily building a construction fence;

c. shoddily erecting, installing and affixing a construction fence; failing to inspect the construction fence that he built and erected;

d. failing to monitor the construction fence that he built and erected;

e. failing to build, erect, install, affix, inspect and maintain a construction fence according to the standards of building and carpentry established by the industry

f. failing to build, erect, install, affix, inspect and maintain a construction fence according to the standards of building and carpentry established by state and local laws, codes, ordinances, regulations and specifications including but not limited to Building Code, City of New York, Title 27, Subchapter 19, Section 1902.5;

g. failing to foresee certain wind conditions and/or design, build and/or install for certain wind conditions;

h.    failing to supervise, control and manage its employees;

i.    hiring incompetent employees, agents, contractors, and helpers;

j.    failing to train his employees, agents, workers, and helpers;

k.    failing to maintain a safe environment for the public;

l.    mismanagement at all material times;

m.    failing to act carefully and prudently at the date, time and place of the incident;

n.    breaching duties imposed upon him;

o.    as will be revealed and established during discovery;

p.    *res ipsa loquitor* is affirmatively pleaded;

q.    negligence *per se* is affirmatively pleaded.

58.    Defendant, Jimmy Ho, is independently liable and/or vicariously liable for the negligence of his employees, agents and servants.

59.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

60.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

61.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have

reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

62.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

63.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

64.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

65.    As a direct result of the carelessness, recklessness and negligence of the defendant, Jimmy Ho, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

66.    The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

67.    The aforementioned acts and omissions of defendant, Jimmy Ho, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

68.    Punitive damages are justified because of the aforesaid conduct of defendant, Jimmy Ho, and the following facts:

a.    there is an epidemic of deadly and harmful construction accidents in New York;

b.    the incident occurred in a public place, heavily traveled by pedestrians;

c.    the defective construction fence had a purpose of protecting the public, not harming the public;

d.    a construction fence is not a complicated or complex thing;

e.    it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT III: PLAINTIFF VS. BRIAN ILL DEVELOPMENT, LLC

69.    Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 68 of her complaint, as if set forth at length.

70.    The conduct, acts, and omissions of defendant, Brian Ill Development, LLC, on and before the aforesaid date, were negligent.

71.    The recklessness, carelessness and negligence of defendant, Brian Ill Development, LLC, consisted of, *inter alia,* the following:

a.    designing an unsafe construction fence;

b.    designing a construction fence for the premises that deviated from architectural standards of design;

c.    preparing unsafe and/or inadequate blueprints for erecting, installing and affixing a construction fence;

d.    preparing unsafe and/or inadequate instructions to the construction crew and/or workers for erecting, installing and affixing a construction fence;

e.    selecting and/or requesting unsafe and/or inadequate materiel for the construction fence;

f.    hiring an incompetent construction crew and/or workers, and incompetent employees, agents, workers, and helpers;

g.    failing to hire competent carpenters, construction workers, laborers and other employees for the safe construction, erection, maintenance and inspection of the construction fence;

h.    failing to determine if its contractors were competent;

i.    failing to train its carpenters, construction workers, laborers and other employees;

j.    procuring defective and shoddy materiel with which to build a

construction fence;

k.      shoddily building a construction fence;

l.      failing to inspect the construction fence that it built and erected;

m.      failing to inspect whether the construction fence at the premises
        was safe;

n.      failing to monitor the construction fence that it built and erected;

o.      failing to maintain a safe construction fence at the premises;

p.      failing to build, erect, install, affix, inspect and maintain a
        construction fence according to the standards of building and
        carpentry established by the industry

q.      failing to build, erect, install, affix, inspect and maintain a
        construction fence according to the standards of building and
        carpentry established by state and local laws, codes, ordinances,
        regulations and specifications including but not limited to Building
        Code, City of New York, Title 27, Subchapter 19, Section 1902.5;

r.      failing to foresee certain wind conditions and/or design, build
        and/or install for certain wind conditions;

s.      failing to supervise, control and manage its employees;

t.      failing to maintain a safe environment for the public;

u.      mismanagement at all material times;

v.      failing to act carefully and prudently at the date, time and place of
        the incident;

w.      breaching duties imposed upon it;

x.    as will be revealed and established during discovery;

y.    *res ipsa loquitor* is affirmatively pleaded;

z.    negligence *per se* is affirmatively pleaded.

72.    Defendant, Brian Ill Development, LLC, is independently liable and/or vicariously liable for the negligence of its employees, agents and servants.

73.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

74.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

75.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

76.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or

orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

77.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

78.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

79.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill Development, LLC, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

80.    The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

81.    The aforementioned acts and omissions of defendant, Brian Ill Development, LLC, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

82.   Punitive damages are justified because of the aforesaid conduct of defendant, Brian Ill Development, LLC, and the following facts:

   a.   there is an epidemic of deadly and harmful construction accidents in New York;

   b.   the incident occurred in a public place, heavily traveled by pedestrians;

   c.   the defective construction fence had a purpose of protecting the public, not harming the public;

   d.   a construction fence is not a complicated or complex thing;

   e.   it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT IV: PLAINTIFF VS. BRIAN ILL

83.   Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 82 of her complaint, as if set forth at length.

84.   The conduct, acts, and omissions of defendant, Brian Ill, on and before the aforesaid date, were negligent.

85.   The recklessness, carelessness and negligence of defendant, Brian Ill, consisted of, *inter alia,* the following:

   a.   designing an unsafe construction fence;

   b.   designing a construction fence for the premises that deviated from

architectural standards of design;

c.    preparing unsafe and/or inadequate blueprints for erecting, installing and affixing a construction fence;

d.    preparing unsafe and/or inadequate instructions to the construction crew and/or workers for erecting, installing and affixing a construction fence;

e.    selecting and/or requesting unsafe and/or inadequate materiel for the construction fence;

f.    hiring an incompetent construction crew and/or workers, and incompetent employees, agents, workers, and helpers;

g.    failing to hire competent carpenters, construction workers, laborers and other employees for the safe construction, erection, maintenance and inspection of the construction fence;

h.    failing to determine if its contractors were competent;

i.    failing to train its carpenters, construction workers, laborers and other employees;

j.    procuring defective and shoddy materiel with which to build a construction fence;

k.    shoddily building a construction fence;

l.    failing to inspect the construction fence that it built and erected;

m.    failing to inspect whether the construction fence at the premises was safe;

n.    failing to monitor the construction fence that it built and erected;

o.     failing to maintain a safe construction fence at the premises;

p.     failing to build, erect, install, affix, inspect and maintain a construction fence according to the standards of building and carpentry established by the industry

q.     failing to build, erect, install, affix, inspect and maintain a construction fence according to the standards of building and carpentry established by state and local laws, codes, ordinances, regulations and specifications including but not limited to Building Code, City of New York, Title 27, Subchapter 19, Section 1902.5;

r.     failing to foresee certain wind conditions and/or design, build and/or install for certain wind conditions;

s.     failing to supervise, control and manage its employees;

t.     failing to maintain a safe environment for the public;

u.     mismanagement at all material times;

v.     failing to act carefully and prudently at the date, time and place of the incident;

w.     breaching duties imposed upon him;

x.     as will be revealed and established during discovery;

y.     *res ipsa loquitor* is affirmatively pleaded;

z.     negligence *per se* is affirmatively pleaded.

86.    Defendant, Brian Ill is independently liable and/or vicariously liable for the negligence of his employees, agents and servants.

87.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

88.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

89.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

90.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

91.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for

herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

92.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

93.    As a direct result of the carelessness, recklessness and negligence of the defendant, Brian Ill, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

94.    The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

95.    The aforementioned acts and omissions of defendant, Brian Ill, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

96.    Punitive damages are justified because of the aforesaid conduct of defendant, Brian Ill, and the following facts:

      a.      there is an epidemic of deadly and harmful construction accidents in New York;

      b.      the incident occurred in a public place, heavily traveled by pedestrians;

      c.      the defective construction fence had a purpose of protecting the public, not harming the public;

    d.     a construction fence is not a complicated or complex thing;

    e.     it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT V: PLAINTIFF VS. MADALEX, LLC

97.   Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 96 of her complaint, as if set forth at length.

98.   The conduct, acts, and omissions of defendant, Madalex, LLC, on and before the aforesaid date, were negligent.

99.   The recklessness, carelessness and negligence of defendant, Madalex, LLC, consisted of, *inter alia,* the following:

    a.     causing, creating, controlling and/or maintaining a defective and/or unsafe condition at the aforesaid location, consisting of, *inter alia,* a defective and/or unsafe construction fence and a defective and/or unsafe sidewalk;

    b.     hiring an incompetent architect, general contractor, construction crew and/or workers, and incompetent employees, agents, workers, and helpers;

    c.     failing to hire competent architects, general contractors, carpenters, construction workers, laborers and other employees for the safe construction, erection, maintenance and inspection of the

construction fence;

d.   failing to determine if its architects, general contractors, and sub-contractors were competent;

e.   failing to train its architects, general contractors, carpenters, construction workers, laborers and other employees and/or failing to communicate the standard of safety to said employees, agents and servants;

f.   failing to maintain a safe construction fence at the premises;

g.   failing to maintain a safe environment for the public;

h.   mismanagement at all material times;

i.   failing to act carefully and prudently at the date, time and place of the incident;

j.   breaching duties imposed upon it;

k.   as will be revealed and established during discovery;

l.   *res ipsa loquitor* is affirmatively pleaded;

m.   negligence *per se* is affirmatively pleaded.

100.  Defendant, Madalex, LLC is independently liable and/or vicariously liable for the negligence of its employees, agents and servants.

101.  As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

102.  As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to sustain a

displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

103.  As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

104.  As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

105.  As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

106.  As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

107.   As a direct result of the carelessness, recklessness and negligence of the defendant, Madalex, LLC, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

108.   The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

109.   The aforementioned acts and omissions of defendant, Madalex, LLC, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

110.   Punitive damages are justified because of the aforesaid conduct of defendant, Madalex, LLC, and the following facts:

      a.      there is an epidemic of deadly and harmful construction accidents in New York;

      b.      the incident occurred in a public place, heavily traveled by pedestrians;

      c.      the defective construction fence had a purpose of protecting the public, not harming the public;

      d.      a construction fence is not a complicated or complex thing;

      e.      it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT VI: PLAINTIFF VS. SCOTT EDELSTEIN

111.  Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 110 of her complaint, as if set forth at length.

112.  The conduct, acts, and omissions of defendant, Scott Edelstein, on and before the aforesaid date, were negligent.

113.  The recklessness, carelessness and negligence of defendant, Scott Edelstein, consisted of, *inter alia,* the following:

a.  causing, creating, controlling and/or maintaining a defective and/or unsafe condition at the aforesaid location, consisting of, *inter alia*, a defective and/or unsafe construction fence and a defective and/or unsafe sidewalk;

b.  hiring an incompetent architect, general contractor, construction crew and/or workers, and incompetent employees, agents, workers, and helpers;

c.  failing to hire competent architects, general contractors, carpenters, construction workers, laborers and other employees for the safe construction, erection, maintenance and inspection of the construction fence;

d.  failing to determine if his architects, general contractors, and sub-contractors were competent;

e.      failing to train his architects, general contractors, carpenters, construction workers, laborers and other employees and/or failing to communicate the standard of safety to said employees, agents and servants;

f.      failing to maintain a safe construction fence at the premises;

g.      failing to maintain a safe environment for the public;

h.      mismanagement at all material times;

i.      failing to act carefully and prudently at the date, time and place of the incident;

j.      breaching duties imposed upon him;

k.      as will be revealed and established during discovery;

l.      *res ipsa loquitor* is affirmatively pleaded;

m.      negligence *per se* is affirmatively pleaded.

114.  Defendant, Scott Edelstein is independently liable and/or vicariously liable for the negligence of his employees, agents and servants.

115.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

116.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

117.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

118.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

119.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

120.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

121.  As a direct result of the carelessness, recklessness and negligence of the defendant, Scott Edelstein, the plaintiff, Lamis Alkharsa, was caused to be unable to do

activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

122.  The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

123.  The aforementioned acts and omissions of defendant, Scott Edelstein, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

124.  Punitive damages are justified because of the aforesaid conduct of defendant, Scott Edelstein, and the following facts:

a.      there is an epidemic of deadly and harmful construction accidents in New York;

b.      the incident occurred in a public place, heavily traveled by pedestrians;

c.      the defective construction fence had a purpose of protecting the public, not harming the public;

d.      a construction fence is not a complicated or complex thing;

e.      it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT VII: PLAINTIFF VS. ALEX TEREZ

125.  Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 124 of her complaint, as if set forth at length.

126.  The conduct, acts, and omissions of defendant, Alex Terez, on and before the aforesaid date, were negligent.

127.  The recklessness, carelessness and negligence of defendant, Alex Terez, consisted of, *inter alia,* the following:

    a.    causing, creating, controlling and/or maintaining a defective and/or unsafe condition at the aforesaid location, consisting of, *inter alia,* a defective and/or unsafe construction fence and a defective and/or unsafe sidewalk;

    b.    hiring an incompetent architect, general contractor, construction crew and/or workers, and incompetent employees, agents, workers, and helpers;

    c.    failing to hire competent architects, general contractors, carpenters, construction workers, laborers and other employees for the safe construction, erection, maintenance and inspection of the construction fence;

    d.    failing to determine if his architects, general contractors, and sub-contractors were competent;

    e.    failing to train his architects, general contractors, carpenters, construction workers, laborers and other employees and/or failing to communicate the standard of safety to said employees, agents and servants;

f.      failing to maintain a safe construction fence at the premises;

g.      failing to maintain a safe environment for the public;

h.      mismanagement at all material times;

i.      failing to act carefully and prudently at the date, time and place of the incident;

j.      breaching duties imposed upon him;

k.      as will be revealed and established during discovery;

l.      *res ipsa loquitor* is affirmatively pleaded;

m.      negligence *per se* is affirmatively pleaded.

128.  Defendant, Alex Terez , is independently liable and/or vicariously liable for the negligence of his employees, agents and servants.

129.  As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

130.   As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

131.  As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic

effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

132.  As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

133.  As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

134.  As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

135.  As a direct result of the carelessness, recklessness and negligence of the defendant, Alex Terez, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

136.  The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

137.  The aforementioned acts and omissions of defendant, Alex Terez, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or

wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

138.  Punitive damages are justified because of the aforesaid conduct of defendant, Alex Terez, and the following facts:

a.    there is an epidemic of deadly and harmful construction accidents in New York;

b.    the incident occurred in a public place, heavily traveled by pedestrians;

c.    the defective construction fence had a purpose of protecting the public, not harming the public;

d.    a construction fence is not a complicated or complex thing;

e.    it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT VIII: PLAINTIFF VS. EMPIRE MANAGEMENT AMERICA CORP. AKA EMPIRE MANAGEMENT

139.  Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 138 of her complaint, as if set forth at length.

140.  The conduct, acts, and omissions of defendant, Empire Management America Corp. AKA Empire Management, on and before the aforesaid date, were negligent.

141.  The recklessness, carelessness and negligence of defendant, Empire
Management America Corp. AKA Empire Management, consisted of, *inter alia,* the
following:

      a.      causing, creating, controlling and/or maintaining a defective and/or
unsafe condition at the aforesaid location, consisting of, *inter alia,*
a defective and/or unsafe construction fence and a defective and/or
unsafe sidewalk;

      b.      failing to determine if its tenants were responsible, prudent,
capable, and/or fit to rent the premises for the construction and
operation of a restaurant;

      c.      failing to rent to tenants who were responsible, prudent, capable,
and/or fit to rent the premises for the construction and  operation of
a restaurant;

      d.      failing to maintain a safe construction fence at the premises;

      e.      failing to maintain a safe sidewalk;

      f.      allowing the sidewalk in front of its premises to be defective;

      g.      failing to maintain a safe environment for the public;

      h.      failing to inspect the premises;

      i.      mismanagement at all material times;

      j.      failing to act carefully and prudently at the date, time and place of
the incident;

      k.      breaching duties imposed upon it;

      l.      as will be revealed and established during discovery;

m.    *res ipsa loquitor* is affirmatively pleaded;

n.    negligence *per se* is affirmatively pleaded.

142.  Defendant, Empire Management America Corp. AKA Empire Management, is independently liable and/or vicariously liable for the negligence of its employees, agents and servants.

143.  As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

144.   As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

145.  As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

146.  As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment,

surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

147.  As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

148.  As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

149.  As a direct result of the carelessness, recklessness and negligence of the defendant, Empire Management America Corp. AKA Empire Management, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

150.  The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

151.  The aforementioned acts and omissions of defendant, Empire Management America Corp. AKA Empire Management, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless,

conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

152.  Punitive damages are justified because of the aforesaid conduct of defendant, Empire Management America Corp. AKA Empire Management, and the following facts:

    a.    there is an epidemic of deadly and harmful construction accidents in New York;

    b.    the incident occurred in a public place, heavily traveled by pedestrians;

    c.    the defective construction fence had a purpose of protecting the public, not harming the public;

    d.    a construction fence is not a complicated or complex thing;

    e.    it was foreseeable that a construction fence installed in New York would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in her favor and that special, general and punitive damages be awarded in the amount of $1,000,000.00, an amount in excess of $100,000.00.

## COUNT IX: PLAINTIFF VS. FRED SHALOM

153.  Plaintiff, Lamis Alkharsa, incorporates herein by reference paragraphs 1 through 152 of her complaint, as if set forth at length.

154.  The conduct, acts, and omissions of defendant, Fred Shalom, on and before the aforesaid date, were negligent.

155.  The recklessness, carelessness and negligence of defendant, Fred Shalom, consisted of, *inter alia,* the following:

        a.        causing, creating, controlling and/or maintaining a defective and/or unsafe condition at the aforesaid location, consisting of, *inter alia*, a defective and/or unsafe construction fence and a defective and/or unsafe sidewalk;

        b.        failing to determine if its tenants were responsible, prudent, capable, and/or fit to rent the premises for the construction and operation of a restaurant;

        c.        failing to rent to tenants who were responsible, prudent, capable, and/or fit to rent the premises for the construction and  operation of a restaurant;

        d.        failing to maintain a safe construction fence at the premises;

        e.        failing to maintain a safe sidewalk;

        f.        allowing the sidewalk in front of its premises to be defective;

        g.        failing to maintain a safe environment for the public;

        h.        failing to inspect the premises;

        i.        mismanagement at all material times;

        j.        failing to act carefully and prudently at the date, time and place of the incident;

        k.        breaching duties imposed upon him;

        l.        as will be revealed and established during discovery;

        m.        *res ipsa loquitor* is affirmatively pleaded;

n.    negligence *per se* is affirmatively pleaded.

156.  Defendant, Fred Shalom, is independently liable and/or vicariously liable for the negligence of his employees, agents and servants.

157.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to have damages set forth hereinafter.

158.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to sustain a displaced fracture of the right radius, trauma, shock, shock to the central nervous system, anxiety, fright, loss of blood, loss of bone, and scarring.

159.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to have emergency room treatment at St. Vincent's Hospital, absorb nuclear radiation for diagnostic testing, have reconstructive surgery requiring power-drilling into her bones and the insertion of two metal screws, consume medications that have or may have a destructive and toxic effect upon the liver, have physical therapy, and have other medical treatment, now and into the future.

160.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to incur bills, costs and expenses for medical treatment, surgery, hospitalization, diagnostic testing, prescription and over-the-counter medications, physical therapy, medical or orthopedic devices and other special damages and out-of-pocket expenses for medical diagnosing and treatment.

161.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to lose the value of her labor, become disabled, be prevented from performing household and other duties for herself and her family, and has or may be required to employ assistants who will replace her efforts and labor in her home and for her family.

162.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to have pain, suffering, embarrassment, humiliation, anxiety, trauma, now and into the future.

163.  As a direct result of the carelessness, recklessness and negligence of the defendant, Fred Shalom, the plaintiff, Lamis Alkharsa, was caused to be unable to do activities and things now that she could do before, including personal tasks, religious acts, recreational acts, and was otherwise deprived of the enjoyment of life.

164.  The injuries and damages of plaintiff, Lamis Alkharsa, are permanent.

165.  The aforementioned acts and omissions of defendant, Fred Shalom, were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiff, Lamis Alkharsa, and the public.

166.  Punitive damages are justified because of the aforesaid conduct of defendant, Fred Shalom, and the following facts:

      a.      there is an epidemic of deadly and harmful construction accidents in New York;

b.      the incident occurred in a public place, heavily traveled by

pedestrians;

c.      the defective construction fence had a purpose of protecting the

public, not harming the public;

d.      a construction fence is not a complicated or complex thing;

e.      it was foreseeable that a construction fence installed in New York

would be subjected to natural forces such as wind.

WHEREFORE, Plaintiff, Lamis Alkharsa, demands that judgment be entered in

her favor and that special, general and punitive damages be awarded in the amount of

$1,000,000.00, an amount in excess of $100,000.00.

Date: New York, New York            BY:_____/s/_____
      May  5, 2008                          Robert G. Leino, Esq.
                                            Attorney for Plaintiff
                                            354 E. 91st Street, Apt. 1101
                                            New York, NY 10128
                                            (212) 289-8357
                                            rgleino@leinolaw.com