UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LAMIS ALKHARSA,

                    Plaintiff,

          - against -

NEW HANG DAR CONSTRUCTION, INC., JIMMY HO,
BRIAN ILL DEVELOPMENT, LLC, BRIAN ILL,
MADALEX, LLC, SCOTT EDELSTEIN, ALEX TEREX,
EMPIRE MANAGEMENT AMERICA CORP. A/K/A
EMPIRE MANAGEMENT and FRED SHALOM,

                    Defendant(s).

------------------------------------------------------------------------X

No. 08 CIV 4254 (JGK)

**ANSWER TO COMPLAINT**

*Trial By Jury Demanded*

**PLEASE TAKE NOTICE,** that defendants EMPIRE MANAGEMENT AMERICA

CORP., s/h/a EMPIRE MANAGEMENT AMERICA CORP., a/k/a EMPIRE MANAGEMENT

and FRED SHALOM, by their attorneys, Havkins Rosenfeld Ritzert & Varriale, LLP, as and for

their Answer to the Complaint (the "Complaint"), state, upon information and belief, as follows:

## COMPLAINT

### JURISDICTION

    1.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "1" of the Complaint.

    2.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "2" of the Complaint.

    3.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "3" of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9.      Deny the allegations contained in paragraph "9" of the Complaint, except admit that defendant Empire Management America Corp. is incorporated under the laws of New York.

10.     Deny the allegations contained in paragraph "10" of the Complaint, except admit that defendant Fred Shalom is a citizen of New York.

11.     Deny the allegations contained in paragraph "11" of the Complaint and refer all questions of law to the Court for a determination.

**PARTIES**

12.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12a.-b." of the Complaint, except deny the allegations as to defendant

EMPIRE MANAGEMENT AMERICA CORP. a/k/a EMPIRE MANAGEMENT and FRED SHALOM, and refer all questions of law to the Court for determination.

13.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint and refer all questions of law to the Court for determination.

14.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint and refer all questions of law to the Court for determination, and submit that the documents referred to in paragraph "14" speak for themselves.

15.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15a.-c." of the Complaint except deny the allegations as to defendants EMPIRE MANAGEMENT AMERICA CORP. A/K/A EMPIRE MANAGEMENT and FRED SHALOM, and refer all questions of law to the Court for determination.

16.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint and refer all questions of law to the Court for determination.

17.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint and refer all questions of law to the Court for determination and submit that the documents referred to in paragraph "17" speak for themselves.

18.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18a.-c." of the Complaint except deny the allegations as to defendants EMPIRE MANAGEMENT AMERICA CORP. a/k/a EMPIRE MANAGEMENT and FRED SHALOM, and refer all questions of law to the Court for determination.

19.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint and refer all questions of law to the Court for determination.

20.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21a.-c." of the Complaint except deny the allegations as to defendants EMPIRE MANAGEMENT AMERICA CORP. a/k/a EMPIRE MANAGEMENT and FRED SHALOM, and refer all questions of law to the Court for determination.

22.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint and refer all questions of law to the Court for determination.

23.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24a.-c." of the Complaint except deny the allegations as to defendants

EMPIRE MANAGEMENT AMERICA CORP. a/k/a EMPIRE MANAGEMENT and FRED SHALOM, and refer all questions of law to the Court for determination.

25.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint and refer all questions of law to the Court for determination.

26.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint and refer all questions of law to the Court for determination.

27.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27a.-c." of the Complaint except deny the allegations as to defendants EMPIRE MANAGEMENT AMERICA CORP. a/k/a EMPIRE MANAGEMENT and FRED SHALOM, and refer all questions of law to the Court for determination.

28.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint and refer all questions of law to the Court for determination.

29.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint and refer all questions of law to the Court for determination.

30.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30a.-c." of the Complaint except deny the allegations as to defendants

EMPIRE MANAGEMENT AMERICA CORP. and FRED SHALOM, and refer all questions of law to the Court for determination.

31.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the Complaint and refer all questions of law to the Court for determination.

32.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint and refer all questions of law to the Court for determination.

33.    Deny the allegations contained in paragraph "33(a)-(c)" of the and refer all questions of law to the Court for determination.

34.    Deny the allegations contained in paragraph "34" of the and refer all questions of law to the Court for determination.

35.    Deny the allegations contained in paragraph "35" of the and refer all questions of law to the Court for determination.

36.    Deny the allegations contained in paragraph "36" of the and refer all questions of law to the Court for determination.

37.    Deny the allegations contained in paragraph "37" of the and refer all questions of law to the Court for determination.

38.    Deny the allegations contained in paragraph "38" of the and refer all questions of law to the Court for determination.

## INCIDENT

39.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint, except deny each and every allegation contained in paragraph "40" of the Complaint as to the answering defendants, and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT I:
## PLAINTIFF VS. NEW HANG DAR CONSTRUCTION, INC.

41.    In response to the allegations contained in the paragraph designated as "41" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "40" of the plaintiff's Complaint as if fully set forth at length herein.

42.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the Complaint and refer all questions of law to the Court for determination.

43.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43a.-c." of the Complaint and refer all questions of law to the Court for determination.

44.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint, and refer all questions of law to the Court for determination.

45.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the Complaint and refer all questions of law to the Court for determination.

46.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "51" of the Complaint.

52.     Deny the allegations contained in paragraph "52" of the Complaint.

53.    Deny each and every allegation contained in paragraph "53" of the Complaint and refer all questions of law to the Court for determination.

54.    Deny each and every allegation contained in paragraph "54a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT II:
## PLAINTIFF VS. JIMMY HO

55.    In response to the allegations contained in the paragraph designated as "55" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "54" of the plaintiff's Complaint as if fully set forth at length herein.

56.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56" of the Complaint and refer all questions of law to the Court for determination.

57.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57a.-q." of the Complaint and refer all questions of law to the Court for determination.

58.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "58" of the Complaint, and refer all questions of law to the Court for determination.

59.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59" of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of the Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61" of the Complaint.

62.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "62" of the Complaint.

63.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "63" of the Complaint.

64.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64" of the Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "65" of the Complaint.

66.    Deny the allegations contained in paragraph "66" of the Complaint.

67.    Deny each and every allegation contained in paragraph "67" of the Complaint and refer all questions of law to the Court for determination.

68.    Deny each and every allegation contained in paragraph "68a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT III:
## PLAINTIFF VS. BRIAN ILL DEVELOPMENT, LLC

69.     In response to the allegations contained in the paragraph designated as "69" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "68" of the plaintiff's Complaint as if fully set forth at length herein.

70.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "70" of the Complaint and refer all questions of law to the Court for determination.

71.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "71a.-z." of the Complaint and refer all questions of law to the Court for determination.

72.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "72" of the Complaint and refer all questions of law to the Court for determination.

73.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73" of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "74" of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "75" of the Complaint.

76.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "76" of the Complaint.

77.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "77" of the Complaint.

78.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "78" of the Complaint.

79.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79" of the Complaint.

80.    Deny the allegations contained in paragraph "80" of the Complaint.

81.    Deny each and every allegation contained in paragraph "81" of the Complaint and refer all questions of law to the Court for determination.

82.    Deny each and every allegation contained in paragraph "82a.-e." of the Complaint and refer all questions of law to the Court for determination.

<u>**AS AND FOR A RESPONSE TO COUNT IV:**</u>
<u>**PLAINTIFF VS. BRIAN ILL**</u>

83.    In response to the allegations contained in the paragraph designated as "83" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "82" of the plaintiff's Complaint as if fully set forth at length herein.

84.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "84" of the Complaint and refer all questions of law to the Court for determination.

85.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "85a.-z." of the Complaint, and refer all questions of law to the Court for determination.

86.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "86" of the Complaint, and refer all questions of law to the Court for determination.

87.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "87" of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "88" of the Complaint.

89.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "89" of the Complaint.

90.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "90" of the Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "91" of the Complaint.

92.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "92" of the Complaint.

93.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "93" of the Complaint.

94.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "94" of the Complaint.

95.    Deny each and every allegation contained in paragraph "95" of the Complaint and refer all questions of law to the Court for determination.

96.    Deny each and every allegation contained in paragraph "96a.-e." of the Complaint and refer all questions of law to the Court for determination.

**AS AND FOR A RESPONSE TO COUNT V:**
**PLAINTIFF VS. MADALEX, LLC**

97.    In response to the allegations contained in the paragraph designated as "97" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "96" of the plaintiff's Complaint as if fully set forth at length herein.

98.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "98" of the Complaint and refer all questions of law to the Court for determination.

99.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "99a.-m." of the Complaint and refer all questions of law to the Court for a determination.

100.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "100" of the Complaint, and refer all questions of law to the Court for determination.

101.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "101" of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "102" of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "103" of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "104" of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "106" of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "107" of the Complaint.

108.    Deny the allegations contained in paragraph "108" of the Complaint.

109.    Deny each and every allegation contained in paragraph "109" of the Complaint and refer all questions of law to the Court for determination.

110.    Deny each and every allegation contained in paragraph "110a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT VI:
## PLAINTIFF VS. SCOTT EDELSTEIN

111.    In response to the allegations contained in the paragraph designated as "111" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "110" of the plaintiff's Complaint as if fully set forth at length herein.

112.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "112" of the Complaint and refer all questions of law to the Court for determination.

113.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "113a.-m." of the Complaint, and refer all questions of law to the Court for determination.

114.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "114" of the Complaint, and refer all questions of law to the Court for determination.

115.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "115" of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "116" of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "117" of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "118" of the Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "119" of the Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "120" of the Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "121" of the Complaint.

122.    Deny the allegations contained in paragraph "122" of the Complaint.

123.    Deny each and every allegation contained in paragraph "123" of the Complaint and refer all questions of law to the Court for determination.

124.    Deny each and every allegation contained in paragraph "124a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT VII:
## PLAINTIFF VS. ALEX TEREZ

125.    In response to the allegations contained in the paragraph designated as "125" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "124" of the plaintiff's Complaint as if fully set forth at length herein.

126.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "126" of the Complaint and refer all questions of law to the Court for determination.

127.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "127a.-m." of the Complaint, and refer all questions of law to the Court for determination.

128.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "128" of the Complaint, and refer all questions of law to the Court for determination.

129.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "129" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "130" of the Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "131" of the Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "133" of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "134" of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "135" of the Complaint.

136.    Deny the allegations contained in paragraph "136" of the Complaint

137.    Deny each and every allegation contained in paragraph "137" of the Complaint and refer all questions of law to the Court for determination.

138.    Deny each and every allegation contained in paragraph "138a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT VIII:
## PLAINTIFF VS. EMPIRE MANAGEMENT AMERICA CORP.
## A/K/A EMPIRE MANAGEMENT

139.    In response to the allegations contained in the paragraph designated as "139" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "138" of the plaintiff's Complaint as if fully set forth at length herein.

140.    Deny each and every allegation contained in paragraph "140" of the Complaint and refer all questions of law to the Court for determination.

141.    Deny each and every allegation contained in paragraph "141a.-n." of the Complaint and refer all questions of law to the Court for determination.

142.    Deny each and every allegation contained in paragraph "142" of the Complaint and refer all questions of law to the Court for determination.

143.    Deny each and every allegation contained in paragraph "143" of the Complaint.

144.    Deny each and every allegation contained in paragraph "144 of the Complaint.

145.    Deny each and every allegation contained in paragraph "145" of the Complaint.

146.    Deny each and every allegation contained in paragraph "146" of the Complaint.

147.    Deny each and every allegation contained in paragraph "147" of the Complaint.

148.    Deny each and every allegation contained in paragraph "148" of the Complaint.

149.    Deny each and every allegation contained in paragraph "149" of the Complaint.

150.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "150" of the Complaint.

151.    Deny each and every allegation contained in paragraph "151" of the Complaint and refer all questions of law to the Court for determination.

152.    Deny each and every allegation contained in paragraph "152a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A RESPONSE TO COUNT IX:
## PLAINTIFF VS. FRED SHALOM

153.    In response to the allegations contained in the paragraph designated as "153" of the plaintiff's Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "152" of the plaintiff's Complaint as if fully set forth at length herein.

154.    Deny each and every allegation contained in paragraph "154" of the Complaint and refer all questions of law to the Court for determination.

155.    Deny each and every allegation contained in paragraph "155a.-n." of the Complaint and refer all questions of law to the Court for determination.

156.    Deny each and every allegation contained in paragraph "156" of the Complaint and refer all questions of law to the Court for determination.

157.    Deny each and every allegation contained in paragraph "157" of the Complaint.

158.    Deny each and every allegation contained in paragraph "158" of the Complaint.

159.    Deny each and every allegation contained in paragraph "159" of the Complaint.

160.    Deny each and every allegation contained in paragraph "160" of the Complaint.

161.    Deny each and every allegation contained in paragraph "161" of the Complaint.

162.    Deny each and every allegation contained in paragraph "162" of the Complaint.

163.    Deny each and every allegation contained in paragraph "163" of the Complaint.

164.    Deny the allegations contained in paragraph "164" of the Complaint.

165.    Deny each and every allegation contained in paragraph "165" of the Complaint and refer all questions of law to the Court for determination.

166.    Deny each and every allegation contained in paragraph "166a.-e." of the Complaint and refer all questions of law to the Court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

167.    That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint, were caused in whole or in part by the contributory negligence, comparative negligence and/or culpable conduct of said plaintiff and not as a result of the contributory negligence and/or culpable conduct on the part of these answering defendants or any party under the control of these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

168.    That whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint were the result of the plaintiff's assumption of risk, in realizing and knowing the hazards and dangers thereof, and that plaintiff assumed all the risks necessarily incidental to such an undertaking.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

169.    That the plaintiff assumed a known or an open or obvious risk for which plaintiff may not recover any damages, or for which plaintiff's damages must be reduced accordingly.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

170.    That in the event plaintiff recovers a verdict or judgment against these answering defendants, then said verdict or judgment against these defendants must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed medical expenses or other economic loss, from any collateral source such as insurance, social security, Workers Compensation, or employee benefits programs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

171.    That the answering defendants had no actual or constructive notice of the alleged danger and did not create the alleged condition.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

172.    That the injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and any

23

such alleged damages should be fully or partially diminished by said culpable conduct and want of care of plaintiff pursuant to CPLR Article 14 and 14-A.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

173.    These answering defendants did not breach any duties owed to the plaintiff, neither contractually nor by common law duty, and/or any alleged breach of duties were not the proximate cause of plaintiff's alleged damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

174.    Plaintiff failed to properly mitigate her damages so as to prevent or reduce the extent of the alleged injuries.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

175.    Plaintiff's alleged damages resulted, in whole or in part, from incidents, accidents, and/or events, in addition to, or other than the alleged subject incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

176.    The action is barred because, if it is determined that there was a defective condition which caused the alleged occurrence, it was trivial in nature.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

177.    In accordance with CPLR §1601 et seq., the liability of these answering defendants, if any, to the plaintiff for non economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

178.    If the plaintiff sustained the injuries and damages alleged in the Complaint, all of which the answering defendants deny, such injuries are the result of acts or omissions by persons or entities over which the answering defendants had no control.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

179.    If plaintiff sustained any injuries alleged in the Complaint, said injuries were proximately caused by independent, intervening and superseding causes, which could not reasonably have been foreseen and for which defendants are not liable or responsible.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

180.    The plaintiff has failed to state a claim for punitive damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

181.    Plaintiff's claim for punitive damages, to the extent that it is construed as such, without proof of every element by clear and convincing evidence would violate the responding defendant's rights to due process of law pursuant to the Constitutions of the United States and the State of New York and would be against public policies of the United States and State of New York.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT NEW HANG DAR CONSTRUCTION, INC. FOR COMMON LAW INDEMNIFICATION

182.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of NEW HANG

DAR CONSTRUCTION, INC., and not by any negligence or culpable conduct of the answering defendants.

183.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against NEW HANG DAR CONSTRUCTION, INC., for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS NEW HANG DAR CONSTRUCTION, INC. FOR COMMON LAW CONTRIBUTION**

184.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of NEW HANG DAR CONSTRUCTION, INC., and not by any negligence or culpable conduct of the answering defendants.

185.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against NEW HANG DAR CONSTRUCTION, INC., for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT NEW HANG DAR CONSTRUCTION, INC. FOR CONTRACTUAL INDEMNIFICATION**

186.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and receives judgment against the answering defendants, then, upon information and belief, the answering defendants shall be entitled to full indemnification and

defense from defendant, NEW HANG DAR CONSTRUCTION, INC., based upon a prior written agreement which requires NEW HANG DAR CONSTRUCTION, INC. to procure and purchase liability insurance for the benefit of the answering defendants covering the claims such as those being asserted against by the plaintiff in this action.

187.    That by virtue of the foregoing, the answering defendants are entitled to contractual indemnification and full reimbursement for all costs and expenses, including but not limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements incurred by the answering defendants.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT NEW HANG DAR CONSTRUCTION, INC. FOR BREACH OF CONTRACT

188.    Upon information and belief, that prior to the time alleged in plaintiff's Complaint, defendant NEW HANG DAR CONSTRUCTION, INC. entered into an agreement(s) and/or contract(s) in which said defendant agreed to purchase and/or procure comprehensive general liability naming the answering defendants as an additional insured, affording coverage to benefit the answering defendants, and to defend, hold harmless and otherwise indemnify said defendant.

189.    Upon information and belief, that at or about the time alleged in plaintiff's Complaint, said agreement(s) was in full force and effect.

190.    Upon information and belief, defendant NEW HANG DAR CONSTRUCTION, INC. breached said agreement.

191.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant NEW HANG DAR CONSTRUCTION, INC. as the result of said breach, and NEW HANG DAR CONSTRUCTION, INC. shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT JIMMY HO FOR COMMON LAW INDEMNIFICATION

192.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of JIMMY HO, and not by any negligence or culpable conduct of the answering defendants.

193.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against JIMMY HO, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS JIMMY HO FOR COMMON LAW CONTRIBUTION

194.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were

caused by reason of the negligence, breach of contract, and acts of omission and/or commission of JIMMY HO, and not by any negligence or culpable conduct of the answering defendants.

195.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against JIMMY HO, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT JIMMY HO FOR CONTRACTUAL INDEMNIFICATION

196.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and receives judgment against the answering defendants, then, upon information and belief, the answering defendants shall be entitled to full indemnification and defense from defendant, JIMMY HO, based upon a prior written agreement which requires JIMMY HO to procure and purchase liability insurance for the benefit of the answering defendants covering the claims such as those being asserted against by the plaintiff in this action.

197.    That by virtue of the foregoing, the answering defendants are entitled to contractual indemnification and full reimbursement for all costs and expenses, including but not limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements incurred by the answering defendants.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT JIMMY HO FOR BREACH OF CONTRACT

198.    Upon information and belief, that prior to the time alleged in plaintiff's Complaint, defendant JIMMY HO entered into an agreement(s) and/or contract(s) in which said defendant agreed to purchase and/or procure comprehensive general liability naming the

answering defendants as an additional insured, affording coverage to benefit the answering defendants, and to defend, hold harmless and otherwise indemnify said defendant.

199.    Upon information and belief, that at or about the time alleged in plaintiff's Complaint, said agreement(s) was in full force and effect.

200.    Upon information and belief, defendant JIMMY HO breached said agreement.

201.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant JIMMY HO as the result of said breach, and JIMMY HO shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT BRIAN ILL DEVELOPMENT, LLC FOR COMMON LAW INDEMNIFICATION

202.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of BRIAN ILL DEVELOPMENT, LLC, and not by any negligence or culpable conduct of the answering defendants.

203.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against BRIAN ILL DEVELOPMENT,

LLC, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS BRIAN ILL DEVELOPMENT, LLC FOR COMMON LAW CONTRIBUTION

204.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of BRIAN ILL DEVELOPMENT, LLC, and not by any negligence or culpable conduct of the answering defendants.

205.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against BRIAN ILL DEVELOPMENT, LLC, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT BRIAN ILL DEVELOPMENT, LLC FOR CONTRACTUAL INDEMNIFICATION

206.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and receives judgment against the answering defendants, then, upon information and belief, the answering defendants shall be entitled to full indemnification and defense from defendant, BRIAN ILL DEVELOPMENT, LLC, based upon a prior written agreement which requires BRIAN ILL DEVELOPMENT, LLC to procure and purchase liability insurance for the benefit of the answering defendants covering the claims such as those being asserted against by the plaintiff in this action.

207.    That by virtue of the foregoing, the answering defendants are entitled to contractual indemnification and full reimbursement for all costs and expenses, including but not limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements incurred by the answering defendants.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT BRIAN ILL DEVELOPMENT, LLC FOR BREACH OF CONTRACT

208.    Upon information and belief, that prior to the time alleged in plaintiff's Complaint, defendant BRIAN ILL DEVELOPMENT, LLC entered into an agreement(s) and/or contract(s) in which said defendant agreed to purchase and/or procure comprehensive general liability naming the answering defendants as an additional insured, affording coverage to benefit the answering defendants, and to defend, hold harmless and otherwise indemnify said defendant.

209.    Upon information and belief, that at or about the time alleged in plaintiff's Complaint, said agreement(s) was in full force and effect.

210.    Upon information and belief, defendant BRIAN ILL DEVELOPMENT, LLC breached said agreement.

211.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant BRIAN ILL DEVELOPMENT, LLC as the result of said breach, and BRIAN ILL DEVELOPMENT, LLC shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any

32

judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT BRIAN ILL FOR COMMON LAW INDEMNIFICATION

212.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of BRIAN ILL, and not by any negligence or culpable conduct of the answering defendants.

213.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against BRIAN ILL, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS BRIAN ILL FOR COMMON LAW CONTRIBUTION

214.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of BRIAN ILL, and not by any negligence or culpable conduct of the answering defendants.

215.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against BRIAN ILL, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT BRIAN ILL FOR
CONTRACTUAL INDEMNIFICATION**

216.    That if the plaintiff sustained damages in the manner alleged in the Complaint,
which is expressly denied, and receives judgment against the answering defendants, then, upon
information and belief, the answering defendants shall be entitled to full indemnification and
defense from defendant, BRIAN ILL, based upon a prior written agreement which requires
BRIAN ILL to procure and purchase liability insurance for the benefit of the answering
defendants covering the claims such as those being asserted against by the plaintiff in this action.

217.    That by virtue of the foregoing, the answering defendants are entitled to
contractual indemnification and full reimbursement for all costs and expenses, including but not
limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements
incurred by the answering defendants.

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT BRIAN ILL FOR
BREACH OF CONTRACT**

218.    Upon information and belief, that prior to the time alleged in plaintiff's
Complaint, defendant BRIAN ILL entered into an agreement(s) and/or contract(s) in which said
defendant agreed to purchase and/or procure comprehensive general liability naming the
answering defendants as an additional insured, affording coverage to benefit the answering
defendants, and to defend, hold harmless and otherwise indemnify said defendant.

219.    Upon information and belief, that at or about the time alleged in plaintiff's
Complaint, said agreement(s) was in full force and effect.

220.    Upon information and belief, defendant BRIAN ILL breached said agreement.

34

221.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant BRIAN ILL as the result of said breach, and BRIAN ILL shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT MADALEX, LLC FOR COMMON LAW INDEMNIFICATION

222.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of MADALEX, LLC, and not by any negligence or culpable conduct of the answering defendants.

223.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against MADALEX, LLC, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS MADALEX, LLC FOR COMMON LAW CONTRIBUTION

224.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission

of MADALEX, LLC, and not by any negligence or culpable conduct of the answering defendants.

225.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against MADALEX, LLC, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT MADALEX, LLC FOR CONTRACTUAL INDEMNIFICATION

226.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and receives judgment against the answering defendants, then, upon information and belief, the answering defendants shall be entitled to full indemnification and defense from defendant, MADALEX, LLC, based upon a prior written agreement which requires MADALEX, LLC to procure and purchase liability insurance for the benefit of the answering defendants covering the claims such as those being asserted against by the plaintiff in this action.

227.    That by virtue of the foregoing, the answering defendants are entitled to contractual indemnification and full reimbursement for all costs and expenses, including but not limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements incurred by the answering defendants.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT MADALEX, LLC FOR BREACH OF CONTRACT

228.    Upon information and belief, that prior to the time alleged in plaintiff's Complaint, defendant MADALEX, LLC entered into an agreement(s) and/or contract(s) in which said defendant agreed to purchase and/or procure comprehensive general liability naming

the answering defendants as an additional insured, affording coverage to benefit the answering defendants, and to defend, hold harmless and otherwise indemnify said defendant.

229.    Upon information and belief, that at or about the time alleged in plaintiff's Complaint, said agreement(s) was in full force and effect.

230.    Upon information and belief, defendant MADALEX, LLC breached said agreement.

231.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant MADALEX, LLC as the result of said breach, and MADALEX, LLC shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT SCOTT EDELSTEIN FOR COMMON LAW INDEMNIFICATION

232.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of SCOTT EDELSTEIN, and not by any negligence or culpable conduct of the answering defendants.

233.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against SCOTT EDELSTEIN, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS SCOTT EDELSTEIN FOR COMMON LAW CONTRIBUTION

234.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of SCOTT EDELSTEIN, and not by any negligence or culpable conduct of the answering defendants.

235.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against SCOTT EDELSTEIN, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT SCOTT EDELSTEIN FOR CONTRACTUAL INDEMNIFICATION

236.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and receives judgment against the answering defendants, then, upon information and belief, the answering defendants shall be entitled to full indemnification and defense from defendant, SCOTT EDELSTEIN, based upon a prior written agreement which requires SCOTT EDELSTEIN to procure and purchase liability insurance for the benefit of the answering defendants covering the claims such as those being asserted against by the plaintiff in this action.

237.    That by virtue of the foregoing, the answering defendants are entitled to contractual indemnification and full reimbursement for all costs and expenses, including but not limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements incurred by the answering defendants.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT SCOTT EDELSTEIN FOR BREACH OF CONTRACT

238.    Upon information and belief, that prior to the time alleged in plaintiff's Complaint, defendant SCOTT EDELSTEIN entered into an agreement(s) and/or contract(s) in which said defendant agreed to purchase and/or procure comprehensive general liability naming the answering defendants as an additional insured, affording coverage to benefit the answering defendants, and to defend, hold harmless and otherwise indemnify said defendant.

239.    Upon information and belief, that at or about the time alleged in plaintiff's Complaint, said agreement(s) was in full force and effect.

240.    Upon information and belief, defendant SCOTT EDELSTEIN breached said agreement.

241.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant SCOTT EDELSTEIN as the result of said breach, and SCOTT EDELSTEIN shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result

of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT ALEX TEREZ FOR COMMON LAW INDEMNIFICATION

242.    If plaintiff sustained damages in the manner alleged in the Complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of ALEX TEREZ, and not by any negligence or culpable conduct of the answering defendants.

243.    By reason of the foregoing, the answering defendants are entitled to common law indemnification from, and to have judgment over and against ALEX TEREZ, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS ALEX TEREZ FOR COMMON LAW CONTRIBUTION

244.    If plaintiff sustained damages in the manner alleged in the amended fourth third-party complaint, all of which the answering defendants deny, such damages and/or injuries were caused by reason of the negligence, breach of contract, and acts of omission and/or commission of ALEX TEREZ, and not by any negligence or culpable conduct of the answering defendants.

245.    By reason of the foregoing, the answering defendants are entitled to common law contribution from, and to have judgment over and against ALEX TEREZ, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT ALEX TEREZ FOR CONTRACTUAL INDEMNIFICATION

246.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and receives judgment against the answering defendants, then, upon information and belief, the answering defendants shall be entitled to full indemnification and defense from defendant, ALEX TEREZ, based upon a prior written agreement which requires ALEX TEREZ to procure and purchase liability insurance for the benefit of the answering defendants covering the claims such as those being asserted against by the plaintiff in this action.

247.    That by virtue of the foregoing, the answering defendants are entitled to contractual indemnification and full reimbursement for all costs and expenses, including but not limited to any and all judgments, payments of attorney's fees, costs, expenses and disbursements incurred by the answering defendants.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT ALEX TEREZ FOR BREACH OF CONTRACT

248.    Upon information and belief, that prior to the time alleged in plaintiff's Complaint, defendant ALEX TEREZ entered into an agreement(s) and/or contract(s) in which said defendant agreed to purchase and/or procure comprehensive general liability naming the answering defendants as an additional insured, affording coverage to benefit the answering defendants, and to defend, hold harmless and otherwise indemnify said defendant.

249.    Upon information and belief, that at or about the time alleged in plaintiff's Complaint, said agreement(s) was in full force and effect.

250.    Upon information and belief, defendant ALEX TEREZ breached said agreement.

251.    That if the plaintiff sustained damages in the manner alleged in the Complaint, which is expressly denied, and recover judgment against the answering defendants, then said defendant shall be entitled to full indemnity and/or damages from defendant ALEX TEREZ as the result of said breach, and ALEX TEREZ shall indemnify and otherwise fully reimburse the answering defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the answering defendants.

## DEMAND FOR JURY TRIAL

252.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure the answering defendants hereby demands a trial by jury.

**WHEREFORE,** defendants EMPIRE MANAGEMENT AMERICA CORP., s/h/a EMPIRE MANAGEMENT AMERICA CORP. a/k/a EMPIRE MANAGEMENT and FRED SHALOM hereby demand:

(1)    Judgment dismissing the plaintiff's Complaint;

(2)    Judgment on the affirmative defenses;

(3)    Judgment on the cross-claims against defendant NEW HANG DAR CONSTRUCTION, INC.;

(4)    Judgment on the cross-claims against defendant JIMMY HO;

(5)    Judgment on the cross-claims against defendant BRIAN ILL DEVELOPMENT, LLC;

(6)    Judgment on the cross-claims against defendant BRIAN ILL;

(7)    Judgment on the cross-claims against defendant MADALEX, LLC;

(8)    Judgment on the cross-claims against defendant SCOTT EDELSTEIN;

(9)    Judgment on the cross-claims against defendant ALEX TEREZ;

(10)   Such other and further relief as this Court may deem just and equitable.

Dated: Mineola, New York
          June 19, 2008

                                        **HAVKINS ROSENFELD RITZERT**
                                        **& VARRIALE, LLP**


                                        By: _____*Carlie Fitapelli*_____
                                                Carlie Fitapelli (CF 5116)
                                        Attorneys for Defendants
                                        *EMPIRE MANAGEMENT AMERICA*
                                        *CORP., s/h/a EMPIRE MANAGEMENT*
                                        *AMERICA CORP. a/k/a EMPIRE*
                                        *MANAGEMENT, and*
                                        *FRED SHALOM*
                                        114 Old Country Road, Suite 300
                                        Mineola, New York 11501
                                        (516) 620-1700
                                        (516) 746-0833 (Fax)
                                        File No.: 03109-0149

**To:**

**ROBERT G. LEINO, ESQ.**
Attorneys for Plaintiff
*LAMIS ALKHARSA*
354 East 91st Street, Apt. 1101
New York, New York 10128

**JAMES M. SKELLY**
**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
Attorneys for Defendants
*NEW HANG DAR CONSTRUCTION, INC. AND JIMMY HO*
530 Saw Mill River Road
Elmsford, New York 10523
File No.: 495.81794
(914) 345-3701

**BRIAN ILL DEVELOPMENT, LLC**
*Not Yet Answered*
611 Riverside Avenue
Westport, Connecticut 06880

**BRIAN ILL**
*Not Yet Answered*
611 Riverside Avenue
Westport, Connecticut 06880

**MADALEX, LLC**
*Not Yet Answered*
150 Broad Hollow Road, Suite 355
Melville, New York 11747

**SCOTT EDELSTEIN**
*Not Yet Answered*
10 Old Jackson Avenue
Hastings-on-Hudson, New York 10706

**ALEX TEREZ**
*Not Yet Answered*
150 Broad Hollow Road, Suite 355
Melville, New York 11747

01230069.DOC /

## CERTIFICATE OF SERVICE

I, **Carlie Fitapelli,** hereby certify that on June 19, 2008, the foregoing document,

**ANSWER,** was filed with the Clerk of the Court and served in accordance with the Federal

Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern

District's Rules on Electronic Service upon the following parties and participants:

**ROBERT G. LEINO, ESQ.**
354 East 91st Street, Apt. 1101
New York, New York 10128

**JAMES M. SKELLY**
**MARKS, O'NEILL, O'BRIEN &**
**COURTNEY, P.C.**
530 Saw Mill River Road
Elmsford, New York 10523
File No.: 495.81794

**BRIAN ILL DEVELOPMENT, LLC**
*Not Yet Answered*
611 Riverside Avenue
Westport, Connecticut 06880

**BRIAN ILL**
*Not Yet Answered*
611 Riverside Avenue
Westport, Connecticut 06880

**MADALEX, LLC**
*Not Yet Answered*
150 Broad Hollow Road, Suite 355
Melville, New York 11747

**SCOTT EDELSTEIN**
*Not Yet Answered*
10 Old Jackson Avenue
Hastings-on-Hudson, New York 10706

**ALEX TEREZ**
*Not Yet Answered*
150 Broad Hollow Road, Suite 355
Melville, New York 11747

*Carlie Fitapelli*
_____
**CARLIE FITAPELLI, ESQ.** (CF5116)
HAVKINS ROSENFELD RITZERT
& VARRIALE, LLP
Attorneys for Defendant
*EMPIRE MANAGEMENT AMERICA CORP.*
*d/b/a EMPIRE MANAGMENT*
114 Old Country Road, Suite 300
Mineola, New York 11501
(516) 620-1700
File No.: 3109-149

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                         ) ss:
COUNTY OF NASSAU      )

    **HELEN SOMERSET**, being duly sworn, deposes and says:

    I am not a party to the action, am over 18 years of age and reside in Stewart Manor, New York.

    On the 19th day of June, 2008, I served a true copy of the within **ANSWER TO COMPLAINT** by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressees as indicated below:

**To:**

**ROBERT G. LEINO, ESQ.**
354 East 91st Street, Apt. 1101
New York, New York 10128

**JAMES M. SKELLY**
**MARKS, O'NEILL, O'BRIEN &**
**COURTNEY, P.C.**
530 Saw Mill River Road
Elmsford, New York 10523
FILE NO.: 495.81794

**BRIAN ILL DEVELOPMENT, LLC**
*Not Yet Answered*
611 Riverside Avenue
Westport, Connecticut 06880

**BRIAN ILL**
*Not Yet Answered*
611 Riverside Avenue
Westport, Connecticut 06880

**MADALEX, LLC**
*Not Yet Answered*
150 Broad Hollow Road, Suite 355
Melville, New York 11747

**SCOTT EDELSTEIN**
*Not Yet Answered*
10 Old Jackson Avenue
Hastings-on-Hudson, New York 10706

**ALEX TEREZ**
*Not Yet Answered*
150 Broad Hollow Road, Suite 355
Melville, New York 11747

**HELEN SOMERSET**

Sworn to before me this
19th day of June, 2008

JESSICA MARGHERITA SILVA
Notary Public, State of New York
No. 02SE6137640
Qualified in Nassau County
Commission Expires December 5,